IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| PAUL EDWARD HOLMES | : | CIVIL NO. |
| Plaintiff, | : | |
| Vs. | : | 4:04-CV-40268 |
| OFFICER MICHAEL McTAGGART, | : | |
| DAVID SPIEKER, | : | COMPLAINT |
| OFFICER JEFFREY VAUGHN | : | |
| Defendants. | : | |

COMES NOW the Plaintiff, Paul Edwards Holmes, by and through his attorney, Samuel Z. Marks of Marks Law Firm, P.C., 6905 Hickman Road, Urbandale, Iowa 50322, and for his cause of action states:

## INTRODUCTION

1. That the Plaintiff is currently a resident of Polk County, Iowa. This complaint arises out of a claim based on 42 U.S.C. Section 1983. Plaintiff brings this civil rights action to redress the deprivation of his constitutional rights, privileges and immunities secured to Plaintiff by provisions of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that during his seizure Defendants used excessive force. Plaintiff brings this action to recover compensation damages, punitive damages, attorney fees pursuant 42 U.S.C. Section 1988, interest at the

maximum legal rate, court costs and such other and further relief as the court deems equitable and just.

## JURISDICTION AND VENUE

2. That this is a civil rights case brought pursuant to 42 U.S.C. Section 1983. Plaintiff claims that the Defendants hereto acted under color of law in their individual capacities. Jurisdiction is predicated on Title 28 U.S.C Section 1343.

3. That venue is properly laid in the Southern District of Iowa pursuant to Title 28 U.S.C. Section 1391(b), as the events occurred in and damages resulted in this district.

## ADMINISTRATIVE REQUIREMENTS

4. That this is an action brought pursuant to Title 42 U.S.C. Section 1983. Plaintiff claims that he has exhausted his grievance remedies.

## PARTIES

5. That Plaintiff, Paul Edward Holmes, at all material times hereto, was a United States citizen and resided within the jurisdiction of this court.

6. That Defendant, Michael McTaggart, at all material times hereto, was a Law enforcement officer with the Des Moines Police Department in Des Moines, Iowa. Defendant was acting in his individual capacity and acting under color of law.

7. That Defendant, David Spieker, at all material times hereto, was a nurse, working with Law enforcement officers and the Des Moines Police Department in Des Moines, Iowa. Defendant was acting in his individual capacity and acting under color of law.

8. That Defendant, Jeffrey Vaughn, at all material times hereto, was a Law enforcement officer with the Des Moines Police Department in Des Moines, Iowa. Defendant was acting in his individual capacity and acting under color of law.

## STATEMENT OF MATERIAL FACTS

9. That Plaintiff repleads the allegations contained in Paragraphs 1 (one) through 8 (eight) above and incorporates the same as if fully set forth herein.

10. That on or about May 12, 2002 at approximately 11:45 pm, Plaintiff was at his home in Des Moines, Polk County, Iowa.

11. Upon information and belief, the Defendants were notified, albeit by false report, that the Plaintiff may be a danger to himself.

12. Subsequent to being notified of the reported situation the Defendants went to the home of the Plaintiff, in Des Moines, Polk County, Iowa.

13. The Plaintiff is a homosexual that was living with his partner in Des Moines, Polk County, Iowa, at all times material hereto, and at the time the Defendants came to the home of the Plaintiff.

14. The Plaintiff is, and at all times material hereto was, a paraplegic, suffering from tremors, and other serious and obvious physical maladies and conditions, during the time the Defendants were at his home.

15. The Plaintiff is, and at all times material hereto was, nearly completely confined to a wheelchair, and incapable of meaningful ambulation without assistance of others or his wheelchair.

16. The Defendants, upon arrival at the home of the Plaintiff on May 12, 2002, were put on notice, both by the observable condition of the Plaintiff, and by way of express notice and warning provided to the Defendants by Dale Graphenteen, who was also present at the time of the events giving rise to this action and a witness thereto, of the physical condition and needs of the Plaintiff.

17. In the course of the Defendants' engagement with the Plaintiff at his home in Des Moines, Polk County, Iowa on May 12, 2002, the Plaintiff began to experience tremors.

18. Dale Graphenteen warned the Defendants and the Plaintiff, that the Plaintiff was about to pass out, and that precautions should be taken for his safety.

19. Upon information and belief, in the process of passing out from tremors, the Plaintiff began to fall forward off of the couch upon which he was sitting, and away from his wheelchair which was nearby.

20. Plaintiff was clothed only in a pair of shorts at the time of the events giving rise to Plaintiff's claims.

21. Defendant Michael McTaggart, acting in his individual capacity and under color of law, immediately seized upon the Plaintiff and forced him violently to the floor.

22. Defendants McTaggart and Speiker then forcefully restrained the Plaintiff, continuing to force him into the floor.

23. Dale Graphenteen continued to caution Defendants about the force they were exerting upon Plaintiff due to Plaintiff's physical condition, out of concern for the Plaintiff's safety.

24. Defendant McTaggart forcefully handcuffed Plaintiff behind his back and began driving his knee into the back of Plaintiff, purportedly to keep him on the ground.

25. As Plaintiff struggled due to the severe pain caused by the actions of the Defendants, Defendants continued to force the Plaintiff into the floor while Plaintiff was handcuffed behind his back, and incapable of getting off the floor in any case, without assistance.

26. Plaintiff posed no threat at any time material hereto to any Defendant.

27. Defendant Spieker assisted Defendant McTaggart in forcefully and unlawfully restraining the Plaintiff, in a manner that caused serious physical injuries to the Plaintiff, including injuries to his back, arms, hands and legs.

28. In unlawfully restraining the Plaintiff, the Defendants assaulted and used excessive force on the Plaintiff without cause and without regard for the Plaintiff's physical disabilities or condition.

29. Defendants use of excessive force at the home of the Plaintiff caused physical injuries as well as emotional harm to the Plaintiff.

30. After assaulting the Plaintiff in his home, with Plaintiff still dressed only in a pair of shorts, the Defendants began to physically drag the Plaintiff from his home, without regard for Plaintiff's physical condition, or his need for a wheelchair.

31. Dale Graphenteen pleaded with the Defendants to stop, at least long enough for Mr. Graphenteen to obtain additional clothing for the decency and safety of the Plaintiff.

32. Mr. Graphenteen also pleaded with the Defendants to remove the Plaintiff with the assistance of the Plaintiff's wheelchair, and offered to assist Defendants with Plaintiff's wheelchair.

33. After the Defendants allowed Mr. Graphenteen to clothe Plaintiff in jogging pants and a t-shirt, Defendants physically drug the Plaintiff from his home to

a patrol car in a manner demonstrating a lack of regard for the Plaintiff's physical disabilities, and his need for wheelchair assistance.

34. In the process of dragging the Plaintiff to the patrol car, the Defendants caused additional physical injuries and emotional harm to the Defendant.

## CAUSE OF ACTION: EXCESSIVE FORCE

35. That Plaintiff repleads the allegations contained in Paragraphs 1 (one) through 34 (thirty-four) above and incorporates the same as if fully set forth herein.

36. That each individual Defendant was acting in his individual capacity and under the color of law.

37. Defendant McTaggart used unreasonable, unnecessary and excessive force in the process of seizing and detaining the Plaintiff.

38. Defendant Spieker used unreasonable, unnecessary and excessive force in the process of seizing and detaining the Plaintiff.

39. The Plaintiff suffered injuries including, but not limited to, physical and emotional pain and suffering, physical and mental anguish, severe emotional distress, humiliation, embarrassment, depravity, loss of function of mind and body, loss of enjoyment and quality of life, irreparable mental or emotional harm, and loss of consortium.

40. Defendants' use of excessive force was the proximate cause of Plaintiff's injuries.

41. The Defendants' conduct was willful, wanton, malicious and without reasonable or legal cause and in reckless disregard of Plaintiff's rights, thereby justifying an award of punitive damages.

WHEREFORE, Plaintiff prays the court enter judgment in favor of Plaintiff and against Defendants in an amount to be proven at trial that will fully and fairly compensate the Plaintiff for all injuries and damages sustained, including all actual and compensatory damages, punitive damages, reasonable attorney fees pursuant to 42 U.S.C. Section 1988, court costs, interest at the maximum legal rate, and for such other and further relief as the court deems equitable and just.

## JURY DEMAND

**COMES NOW** the Plaintiff in the above cause of action, and hereby demands a trial by jury.

MARKS LAW FIRM

_____
Samuel Z. Marks    PK2091248
6905 Hickman Rd.
Urbandale, IA 50322
(515) 276-7211
FAX (515) 276-6280
ATTORNEY FOR PLAINTIFF

Original filed.